## IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICIA FITE, surviving spouse of RANDALL FITE, deceased, | |
| Plaintiff, | |
| MARGARET ESTRADA, Individually and as Next of Kin of JAVIER BARRAZA, JR., deceased, | Case No. 20-01058 |
| Intervenor-Plaintiff, | |
| v. | |
| LAGOON WATER LOGISTICS, LLC, and ELITE INFRASTRUCTURE, LLC, | |
| Defendants. | |

## AGREED MOTION FOR REMAND AND NOTICE OF OPPORTUNITY FOR HEARING

### NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.
**The 14 day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).**

1

Patricia Fite, surviving spouse of Randall Fite, deceased, plaintiff, and Margaret Estrada, individually and as next of kin of Javier Barraza, Jr., deceased, plaintiff-intervenor (collectively, "Plaintiffs"), Lagoon Water Logistics, LLC ("Lagoon"), and Elite Infrastructure, LLC ("Elite" and together with "Lagoon", "Defendants") hereby move to remand the case to state court pursuant to 28 U.S.C. § 1334(c)(1) and the agreement of the parties.

## I.    BACKGROUND

This is a personal injury and wrongful death suit brought by the survivors of two workers, Randall Fite and Javier Barraza, Jr., arising from a March 4, 2019 oilfield explosion in Garfield County, Oklahoma.  Plaintiffs[1] filed this lawsuit against Lagoon and Elite, Case No. CJ-2019-2376 in the District Court of Oklahoma County, Oklahoma on April 29, 2019.  Plaintiffs' claims are state law claims.  The parties are not completely diverse, as Mr. Barraza, Ms. Estrada, and Elite are all citizens of Texas.

On May 8, 2020, during the pendency of this case, Elite filed a voluntary petition under Chapter 11 in the Bankruptcy Court for the Northern District of Texas, Case No. 20-31384-hdh11 (the "Elite Bankruptcy Case"), and filed a suggestion of bankruptcy in state court on June 11, 2020.  On June 25, 2020, Plaintiffs filed a motion for relief from the automatic bankruptcy stay in the Elite Bankruptcy Case, which was unopposed by Elite, but Lagoon indicated its opposition to the motion.

On August 6, 2020, Lagoon removed this case to this Court, asserting removal jurisdiction under 28 U.S.C. § 1334(b) and 1452 on the basis that Plaintiffs' claims against it are "related to" the Elite Bankruptcy Case.

Plaintiffs are of the position that: (1) there is no removal jurisdiction because

---

[1]    This suit was originally filed by Mr. Fite, who was alive at the time but later passed away, and Ms. Estrada later intervened on behalf of the heirs and beneficiaries of Mr. Barraza.

Plaintiffs' claims against Lagoon are not "related to" the Elite Bankruptcy Case; (2) removal was untimely under 28 U.S.C. § 1446(b); (3) Plaintiffs' claims against Lagoon are subject to mandatory abstention under 28 U.S.C. § 1334(c)(1); and (4) Plaintiffs' claims against both defendants should be remanded under the permissive abstention provisions of 28 U.S.C. § 1334(c)(2) and 1452(b).

The parties have now resolved their dispute regarding the automatic bankruptcy stay and this removal, and have agreed (1) to an order for relief from the stay in the Elite Bankruptcy Case, in which Plaintiffs agreed to proceed against Elite as a nominal defendant only to liquidate its claim against Elite's liability insurer; and (2) to an order remanding this case to state court. In accordance with the parties' agreement as indicated by counsel's signatures below, and pursuant to the permissive abstention statutes, the parties request that this case be remanded to state court. Should the Court decline to remand on that ground, Plaintiffs reserve their rights to amend and provide additional briefing on their other asserted grounds for remand.

## II.   ARGUMENT

Plaintiffs, Lagoon, and Elite have agreed to the remand of this case to state court. They request that the Court exercise its discretion to abstain from hearing this case under sections 1334(c)(2) and 1452(b) and remand this case in accordance with the parties' agreement.

Lagoon removed this case under section 1452(a), which allows removal of state court claims to "the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334, in turn, provides that federal "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under

title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

The Court retains the discretion to remand the case back to the Oklahoma state court:

> Except with respect to a case under Chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).

Here, the interest of justice, the interest of comity with State courts and of respect for State law, and principles of equity all weigh in favor of abstention and remand. First and foremost, the parties have agreed to remand. Additionally, this case is brought under state law and was been pending in state court for over a year before Elite filed its bankruptcy petition, with the parties having conducted substantial discovery. There is no federal question and no complete diversity of the parties, and thus no basis for jurisdiction in this Court other than section 1334.

Plaintiffs and Defendants respectfully request that this Court abstain from hearing this case and remand it to state court.

## III.    PRAYER

Plaintiffs and Defendants respectfully request that the Court remand this case to the District Court of Oklahoma County.

Respectfully Submitted,

4

/s/ John J. Griffin, Jr.
John J. Griffin, Jr., OBA #3613
CROWE AND DUNEVY P.C.
324 North Robinson Ave., Suite 100
Oklahoma City, Oklahoma73102
Telephone: 405-235-7718
Facsimile:  (405)272-5225
Email:  john.griffin@crowedunlevy.com
*Attorney for Lagoon Water Logistics LLC*

/s/ J. Revell Parrish
J. Revell Parrish, OBA #30205
WHITTEN BURRAGE
512 North Broadway Avenue, Suite 300
Oklahoma City, OK 73102
Telephone:  (405) 516-7800
Facsimile:  (405) 516-7859
Email:  rparrish@whittenburragelaw.com
*Attorney for Plaintiffs*

/s/ J. Todd Woolery
J. Todd Woolery
MacKenzie L. Smith
Christian S. Huckaby
MCAFEE & TAFT, PC
10th Floor, Two Leadership Square 211
North Robinson Ave.
Oklahoma City, OK 73102
*Attorney for Elite Infrastructure, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September, 2020, I electronically transmitted the foregoing document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all ECF registrants.

I further certify that this document was served on all attorneys of record and/or unrepresented parties via U.S. Mail, postage pre-paid, as indicated below on September 8, 2020.

**Christian S. Huckaby**
**J. Todd Woolery**
**MacKenzie L. Smith**
MCAFEE & TAFT, PC
10th Floor, Two Leadership Square 211 North Robinson Ave.
Oklahoma City, OK 73102

*Attorney for*
*Elite Infrastructure, LLC*

**J. Revell Parrish, OBA #30205**
WHITTEN BURRAGE
512 North Broadway Avenue, Suite 300
Oklahoma City, OK 73102
Telephone: (405) 516-7800
Facsimile:  (405) 516-7859
Emails:  rparrish@whittenburragelaw.com
*Attorney for Plaintiffs*

**Jason E. Robinson**
DENNEY & BARRETT, PC
870 Copperfield Drive, Suite A Norman, OK 73072
*Attorney for Intervenor Margaret Estrada*

**Keith W. Lapeze**
LAPEZE & JOHNS, PLLC
690 Sawyer Street, Suite 650
Houston, TX 77007
*Attorney for IntervenorMargaret Estrada*

/s/ John J. Griffin, Jr.